**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,  )
        Plaintiff,  )   Case No. 2:17-cr-00064-KJD-GWF
        )
vs.  )   **ORDER**
        )
JACK WILLIAM MORGAN,  )
        Defendant.  )

This matter is before the Court on Defendant's Motion to Sever (ECF No. 39), filed on April 26, 2017. The Government filed its Opposition (ECF No. 43) on May 5, 2017.

**BACKGROUND**

On February 1, 2017, a complaint and arrest warrants charging Defendants Jack William Morgan and Samuel Brown with one count of kidnapping in violation of 18 U.S.C. § 1201(a)(1)(c) were issued. ECF Nos. 1, 3. On February 22, 2017, a federal grand jury returned a two count indictment charging Defendants Jack William Morgan and Samuel Brown with conspiracy to commit kidnapping in violation of 18 U.S.C. § 1201(c) and kidnapping in violation of 18 U.S.C. § 1201(a)(1). ECF No. 23. Defendant Morgan requests severance of his trial from his Co-Defendant in the interest of preserving his speedy trial right.

**DISCUSSION**

Co-defendants jointly charged are, prima facie, to be jointly tried. Fed. R. Crim. P. 8. Separate trials are not required unless a joint trial would be "manifestly prejudicial." *United States v. Gay*, 567 F.2d 916, 919 (9th Cir. 1978) (citing *Opper v. United States*, 384 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954)). The Court's power to sever rests within the broad discretion of the district court as an aspect of its inherent right and duty to manage its own calendar. *Id.* Joinder is favored

in federal criminal trials largely for reasons of judicial economy and efficiency, despite some degree of bias inherent in joint trials. *United States v. Tootick*, 952 F.2d 1078, 1080 (9th Cir.1991).

Rule 14 of the Federal Rules of Criminal Procedure provides that a severance may be granted in the district court's discretion if it appears that a joint trial would prejudice a defendant. However, "when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants." *Zafiro v. United States*, 506 U.S. 534, 539, 113 S. Ct. 933, 938, 122 L. Ed. 2d 317 (1993). The defendant bears the heavy burden of showing that a joint trial is "so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." *United States v. Hall*, 2013 WL 1182225, at *2 (D. Nev. Mar. 19, 2013) (quoting *United States v. Kenny*, 645 F.2d 1323, 1345 (9th Cir.1981)).

Defendant does not set forth sufficient grounds for his request or any specific instances of prejudice resulting from a joint trial. Defendant does not articulate how severance would preserve his speedy trial right. Defendant has not met his burden to show that a joint trial is manifestly prejudicial. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Sever (ECF No. 39) is **denied**.

DATED this 31st day of May, 2017.

GEORGE FOLEY, JR.
United States Magistrate Judge