# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JACK WILLIAM MORGAN,<br><br>    Defendant. | Case No. 2:17-cr-0064-KJD-GWF<br><br>ORDER |

Presently before the Court is Defendant's Motion for Resentencing Under the 821 Amendment (ECF No. 185). Under General Order 2023-09, the Office of the Federal Public Defender filed a Notice of Non-eligibility (ECF No. 188).

## I. Background

On February 22, 2017, a federal grand jury in Las Vegas, Nevada, returned an indictment charging Morgan and a co-defendant with conspiracy to commit kidnapping in violation of 18 U.S.C. § 1201(c), and kidnapping in violation of 18 U.S.C. § 1201(a)(1). Morgan's trial began on December 18, 2017. The next day, a jury convicted him of both crimes charged in the indictment. On March 20, 2018, the district court sentenced Morgan to life imprisonment.

## II. Legal Standard

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances. 18 U.S.C. § 3582(b). Section 3582(c)(2) establishes an exception to the general of finality. Dillon v. United States, 560 U.S. 817, 824 (2010). Specifically, § 3582(c)(2) provides, [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently lowered by the Sentencing Commission . . . ., the court may reduce the term of

imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582. Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission. First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Dillon, 560 U.S. at 826. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

### III. Analysis

Amendment 821 to the Sentencing Guidelines took effect November 1, 2023, and applies retroactively. See Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); Amendment 821, U.S. Sent'g Comm'n, https://www.ussc.gov/guidelines/amendment/821 (last visited March 24, 2024). Amendment 821 is bifurcated into Parts A and B. The Court begins by examining Defendant's eligibility for a sentence reduction under Part A.

**A. Part A – Amendment 821**

Part A of Amendment 821 limits the criminal history impact of "status points" under U.S.S.G. § 4A1.1. Specifically, with regard to "status points," under U.S.S.G. § 4A1.1, a defendant who committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points. Amendment 821 amends § 4A1.1 to: (1) eliminate such status points for any defendant who otherwise has six or fewer criminal history points; and (2) apply one point, instead of two, for defendants who otherwise present seven or more criminal history points.

Defendant had zero criminal history points at sentencing, placing him in Criminal History Category I. (PSR ¶ 45). As a result, he had zero status points. Defendant is not eligible for a sentence reduction under Part A because the application of Amendment 821 does not have the

effect of lowering his guideline range. See U.S.S.G. § 1B1.10(a)(2)(B) ("[a] reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [Amendment 821] does not have the effect of lowering the defendant's applicable guideline range").

### B. Part B – Amendment 821

"Part B, Subpart 1 of the amendment provides a two-level reduction in the offense level for certain zero-point offenders—that is, defendants with no criminal history whose offenses meet the guideline's criteria." United States v. Diaz-Diaz, 2023 WL 9040636, at *1 (W.D. Wash. December 29, 2023); see also U.S.S.G. § 4C1.1(a). However, Defendant does not qualify for the reduction because his offense resulted in "serious bodily injury[.]" U.S.S.G. § 4C1.1(a)(4). Since Defendant does not qualify for a reduction under Part A or Part B of Amendment 821, the Court must deny Defendant's motion.

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Resentencing Under the 821 Amendment (ECF No. 185) is **DENIED.**

DATED: March 24, 2025.

_____
Kent J. Dawson
United States District Judge